**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NATIVE AMERICAN ARTS, INC.,                )

          Plaintiff,                )

v.                )

BARGAIN SUPPLY CO., INC.,                )

          Defendant.                )

**FILED**

**JANUARY 2, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PH**

**08 C 27**

Jury Trial Demanded

**JUDGE DARRAH
MAGISTRATE JUDGE ASHMAN**

**COMPLAINT**

**COUNT I**

**(Indian Arts and Crafts Act)**

NOW COMES Plaintiff, Native American Arts, Inc., by its attorneys, Michael Patrick Mullen and Scott M. Kolosso of the law firm of Mullen & Foster, and for its Complaint against Defendant Bargain Supply Co., Inc. (hereafter "Bargain Supply"), states as follows:

1.     This is a suit brought under 25 U.S.C. §305, et seq., and §305e, The Indian Arts and Crafts Act of 1990, and The Indian Arts and Crafts Enforcement Act of 2000 (collectively the "IACA") and jurisdiction is based upon that Federal statute under 28 U.S.C. § 1331 and pendent jurisdiction.

2.     Venue lies in the Northern District of Illinois, where Defendant conducts business and engages in advertising, marketing, promotion, display and sales of the products alleged herein in the Northern District of Illinois, sold goods into and shipped goods into the Northern District of Illinois, and where most of the events alleged occurred, including but not limited to where the products were purchased from, where marketing and advertising materials were viewed and where the injury occurred.

3.      Native American Arts, Inc. ("Native American Arts") is a wholly Indian owned arts and crafts organization involved in the manufacture, distribution and sale of authentic Indian arts and crafts with its headquarters in the Northern District of Illinois and is composed of members of the Ho-Chunk Nation, an Indian tribe recognized by the U.S. Government.  Native American Arts meets the definition of an Indian arts and crafts organization as defined in Title 25 U.S.C. §305e and §305 et. seq.  Native American Arts has standing to bring this action under the Indian Arts and Crafts Enforcement Act of 2000.

4.      Defendant is a company principally located in Louisville, Kentucky.  Bargain Supply is a retailer, wholesaler and/or supplier engaged in offering, displaying for sale and selling arts, crafts and artworks, including but not limited to products in a traditional Indian style, motif and design, throughout the United States and in the Northern District of Illinois.

5.      Title 25 U.S.C. §305 et. seq. prohibits a person from directly or indirectly offering or displaying for sale or selling goods in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States and provides for an action against such a person by an Indian arts and crafts organization.

6.      An Indian product for purposes of 25 U.S.C. §305e, et. seq. is defined in regulations promulgated by the Secretary of the Interior as including artworks that are in a traditional Indian style or medium.

7.      Defendant is not an Indian, member of an Indian tribe, recognized Indian artisan or Indian arts and crafts organizations as those terms are defined in 25 U.S.C. §305e and §305, et. seq.

8.      At all times relevant hereto, including the dates of purchases alleged herein and for a period of time prior thereto, and possibly since January 4, 2005, Defendant has directly or indirectly offered or displayed for sale or sold multiple quantities of various goods in a manner that falsely suggests they are Indian produced, an Indian product, or the product of a particular Indian or particular Indian tribe or Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts, and jewelry in a traditional Indian style or medium, in violation of the IACA, Title 25 U.S.C. §305, et seq., §305e, and the regulations promulgated thereunder.

9.      For substantial periods of time, and possibly since January 4, 2005, and continuously thereafter to the present date, Defendant advertised, marketed, offered and displayed for sale and sold goods on the Internet through its website, www.bargainsupplywholesale.com, in a manner which falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including products consisting of art, crafts, and artworks in a traditional Indian style or medium.

10.     On March 31, 2007, and for substantial periods of time, possibly since January 4, 2005 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its website in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)     Artwork, consisting of a Native American Wall Plaque in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing

3

materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit **A**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(b)     Artwork, consisting of a Native American Wall Plaque in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit **B**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(c)     Artwork, consisting of a Native American Wall Plaque in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit **C**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(d)     Artwork, consisting of a Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit **D**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(e)     Artwork, consisting of Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made.  Pictures of said product is attached hereto as Exhibit **E**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(f)     Artwork, consisting of Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made.  Pictures of said product is attached hereto as Exhibit **F**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(g)     Artwork, consisting of Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made.  Pictures of said product is attached hereto as Exhibit **G**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(h)     Other traditional Indian style or design arts, crafts and artworks in a traditional Indian style or medium.

11.     On March 31, 2007 and for substantial periods of time, possibly since January 4, 2005 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its website, www.bargainsupplywholesale.com, in a manner that

falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium in response to customer requests for products including but not limited to "Native American".

12.    The products alleged herein are traditional Indian products embodying traditional Indian styles, motifs and designs, traditionally made by Native Americans, and were falsely suggested to be Indian-made Indian products and these products were advertised, marketed, and sold as such, including advertising and marketing these products with other Indian style products suggested to be Indian products, or Indian, or Native American made.

13.    Any unqualified use of the name "Native American", "Indian" or an Indian tribe suggests that the product is Indian made and an Indian product under the IACA.

14.    A non-Indian maker of products in an Indian style motif and design cannot utilize the terms "Indian," "Native American" or the name of a particular Indian tribe in advertising or marketing said products unless said maker qualifies the usage of such terms so that consumers are not suggested to be purchasing authentic Indian-made products.  Native American Arts, Inc. v. The Waldron Corporation, 399 F.3d 871 (7th Cir. 2005).

15.    The products advertised, marketed, offered, displayed for sale and sold by Defendant are in a traditional Indian style, composed of Indian motifs and designs and many contained a Certificate of Authenticity.

16.    The products displayed for sale by Defendant did use the unqualified terms "Native American" and "Indian".

17.    The Internet website displays promoting Defendant's products are advertisements and constitute advertising activity.  Such advertising contains the use of the unqualified terms "Native American" and "Indian".

18.    At various times relevant hereto, Defendant has been advertising, marketing, offering, displaying for sale and selling products with different advertisements and different products through different advertisements, advertising activities and mediums, in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States.

19.    For substantial periods of time since January 4, 2005 and continuously thereafter to the present date, Defendant advertised, marketed, offered and displayed for sale and sold goods in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of art, crafts and artworks in a traditional Indian style or medium.

20.    The Indian-style goods advertised, displayed, offered for sale and sold by Defendant since January 4, 2005, including those advertised, sold, displayed and offered for sale alleged herein, are not and were not Indian produced, an Indian product made by an Indian or the product of an Indian arts and crafts organization resident in the United States or an non-member Indian artisan certified by an Indian tribe, all as defined in 25 U.S.C. §305 et. seq. and the regulations thereunder.

21.    Defendant's advertisement, display, offering for sale and sale of Indian style goods in a manner that falsely suggests they are Indian products, Indian produced or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the

United States is illegal and should be enjoined in that no adequate remedy at law exists and Plaintiff will be irrevocably injured and damages will be difficult to measure.

22.    Native American Arts has been injured and damaged as a result of Defendant's actions alleged herein. Native American Arts is a competitor of Defendant and has suffered competitive injuries as a result of Defendant's actions alleged herein, as well as other damages including (1) Native American Arts lost sales and sales opportunities as a direct and indirect result of the Defendant's offer, display and sale of similar Indian-style products to those offered, displayed and sold by Native American Arts through similar mediums and markets, (2) Defendant's imitation products drove down prices of authentic Indian products, forcing Plaintiff to offer its authentic products at lower prices, (3) that Plaintiff has suffered a loss of goodwill and reputation because of Defendant's counterfeit product and (4) that Defendant's had a gross profit on the products alleged herein.   Native American Arts advertises, markets and sells authentic Indian-made products similar to those products advertised, offered, displayed and sold by Defendant falsely suggested to be Indian-made products, including but not limited to, arts, crafts, jewelry and artworks in a traditional Indian style or medium.   Native American Arts displays, advertises, offers, markets and sells authentic Indian-made products through various mediums including, but not limited to, newspaper advertisements, radio, signs, catalogs, brochures, internet, mailed solicitations, miscellaneous and in-store retail displays.

23.    The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's misappropriation of Native American Art, Inc.'s advertising ideas and style of doing business.   Native American Arts' advertising idea and style of doing business is to emphasize and state that its products are authentic Indian products made by Native Americans.   Native American Arts capitalizes upon

the goodwill associated with Indian-made products as an advertising and marketing idea concerned with persuading consumers to buy its Indian products. This is Native American Arts' advertising idea, advertising theme, advertising concept, title, style and slogan. Defendant inappropriately used the advertising concept of authentic Indian products in advertising their goods as its advertising idea, style of doing business, advertising theme, concept, title, style and slogan by falsely suggesting their products were Indian made Indian products.

24.     The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringement of title by falsely suggesting and misrepresenting that its products were Indian made when they were not.

25.     The injuries suffered by Native American Arts under the IACA include but, are not limited to, injury to reputation and good will arising out of Defendant's use of another's advertising idea by falsely suggesting and misrepresenting that its products were Indian made when they were not.

26.     The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringing upon Native American Arts' slogan by falsely suggesting and misrepresenting that its products were Indian made when they were not.

27.     Liability for compensatory damages under the IACA is strict liability and not dependent upon intentional conduct as ruled in the case of Ho-Chunk et. al., v. Village Originals, Inc. 25 F. Supp.2d 876 (N.D.Il. 1998) and Ho-Chunk v. Natures Gifts, Inc., 1999 U.S. Dist. Lexis 3687 (N.D. Il. 1999).

28.   Title 25 U.S.C. §305e (a) provides for damages of the greater of treble damages or $1,000 for each day on which the offer or display for sale of a good falsely suggested to be Indian produced, an Indian product, or the product of an Indian, an Indian tribe, or an Indian arts and crafts organization continues.

29.   Native American Arts is an Indian arts and crafts organization entitled to the damages alleged herein.

30.   The exact amount of damages is presently unknown, but is believed to exceed five million dollars ($5,000,000.00).

31.   Title 25 U.S.C. §305e (a) also provides for injunctive and other equitable relief.

32.   Substantial amounts for attorney's fees and costs of suit have been or are being incurred for which reimbursement and payment is hereby sought.

WHEREFORE, Plaintiff Native American Arts, Inc. prays for the entry of judgment against Defendant, and:

(a) for an award of compensatory damages in an amount to be determined but believed to exceed five million dollars ($5,000,000.00);

(b) reasonable attorneys fees and costs of suit;

(c) a temporary restraining order, preliminary injunction and permanent injunction; and

(d) such other and further relief as this Court deems just and deserving.

    s/ Michael P. Mullen
One of the attorneys for Plaintiff
Native American Arts, Inc.

Michael P. Mullen
Scott M. Kolosso
MULLEN & FOSTER
203 N. Wabash Ave., Suite 2300
Chicago, IL  60601
312-750-1600

## <u>JURY DEMAND</u>

Plaintiff Native American Arts, Inc. hereby demands trial by Jury.


 s/ Michael P. Mullen         
One of the attorneys for Plaintiff
Native American Arts, Inc.