168.23031-35/27

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:  08 C 27 |
| ) | |
| BARGAIN SUPPLY CO., INC. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Bargain Supply Co., Inc., by and through its attorneys Tribler Orpett & Meyer, P.C., and for its answer to plaintiff's complaint, states as follows:

1. This is a suit brought under 25 U.S.C. §305, et seq., and §305e, The Indian Arts and Crafts Act of 1990, and The Indian Arts and Crafts Enforcement Act of 2000 (collectively the "IACA") and jurisdiction is based upon that Federal statute under 28 U.S.C. §1331 and pendent jurisdiction.

**ANSWER:** The answering Defendant admits the existence of the statutes cited in paragraph 1 and that the statutes speak for themselves.

2. Venue lies in the Northern District of Illinois, where Defendant conducts business and engages in advertising, marketing, promotion, display and sales of the products alleged herein in the Northern District of Illinois, sold goods into and shipped goods into the Northern District of Illinois, and where most of the events alleged occurred, including but not limited to where the products were purchased from, where marketing and advertising materials were viewed and where the injury occurred.

**ANSWER:** The answering Defendant admits that venue is proper on the Northern District of Illinois.

3. Native American Arts, Inc. ("Native American Arts") is a wholly Indian owned arts and crafts organization involved in the manufacture, distribution and sale of authentic Indian arts and crafts with its headquarters in the Northern District of Illinois and is composed of members of the Ho-Chunk Nation, an Indian tribe recognized by the U.S. Government.  Native American Arts meets the definition of an Indian arts and crafts organization as defined in Title 25 U.S.C. §305e and §305 et. Seq. Native American Arts has standing to bring this action under the Indian Arts and Crafts Enforcement Act of 2000.

**ANSWER:** The answering Defendant denies sufficient knowledge and information to either admit or deny the allegations contained within paragraph 3, and therefore neither admits nor denies same, but demands strict proof thereof.

4. Defendant is a company principally located in Louisville, Kentucky. Bargain Supply is a retailer, wholesaler and/or supplier engaged in offering, displaying for sale and selling arts, crafts and artworks, including but not limited to products in a traditional Indian style, motif and design, throughout the United States and in the Northern District of Illinois.

**ANSWER:** The answering Defendant admits that it is a company located in Louisville, Kentucky and denies the remaining allegations contained in Paragraph 4.

5. Title 25 U.S.C. §305 et. seq. prohibits a person from directly or indirectly offering or displaying for sale or selling goods in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States and provides for an action against such a person by an Indian arts and crafts organization.

**ANSWER:** The answering Defendant admits the existence of the statute cited in paragraph 5 and that the statute speaks for itself.

6. An Indian product for purposes of 25 U.S.C. §305e, et. seq. is defined in regulations promulgated by the Secretary of the Interior as including artworks that are in a traditional Indian style or medium.

**ANSWER:** The answering Defendant admits the existence of the statute cited in paragraph 6 and that the statute speaks for itself.

7. Defendant is not an Indian, member of an Indian tribe, recognized Indian artisan or Indian arts and crafts organizations as those terms are defined in 25 U.S.C. §305e and §305, et. seq.

**ANSWER:** The answering Defendant admits the allegations contained in Paragraph 7.

8. At all times relevant hereto, including the dates of purchases alleged herein and for a period of time prior thereto, and possibly since January 4, 2005, Defendant has directly or indirectly offered or displayed for sale or sold multiple quantities of various goods in a manner that falsely suggests they are Indian produced, an Indian product, or the product of a particular Indian or particular Indian tribe or Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts, and jewelry in a traditional Indian style or medium, in violation of the IACA, Title 25 U.S.C. §305, et seq., §305e, and the regulations promulgated thereunder.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 8.

9. For substantial periods of time, and possibly since January 4, 2005, and continuously thereafter to the present date, Defendant advertised, marketed, offered and

displayed for sale and sold goods on the Internet through its website, www.bargainsupplywholesale.com, in a manner which falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including products consisting of art, crafts, and artworks in a traditional Indian style or medium.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 9.

10. On March 31, 2007, and for substantial periods of time, possibly since January 4, 2005 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its website in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a) Artwork, consisting of a Native American Wall Plaque in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit A, which product is now in the possession of Native American Arts and will be produced for display upon request.

(b) Artwork, consisting of a Native American Wall Plaque in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit B, which product is now in the possession of Native American Arts and will be produced for display upon request.

(c) Artwork, consisting of a Native American Wall Plaque in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit C, which product is now in the possession of Native American Arts and will be produced for display upon request.

(d) Artwork, consisting of a Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit D, which product is now in the possession of Native American Arts and will be produced for display upon request.

(e)  Artwork, consisting of Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. Pictures of said product is attached hereto as Exhibit E, which product is now in the possession of Native American Arts and will he produced for display upon request.

(f)  Artwork, consisting of Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. Pictures of said product is attached hereto as Exhibit F, which product is now in the possession of Native American Arts and will be produced for display upon request.

(g)  Artwork, consisting of Native American Mandella in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Native American" and "Indian" and suggest the product is Native American or Indian made. Pictures of said product is attached hereto as Exhibit G, which product is now in the possession of Native American Arts and will be produced for display upon request.

(h)  Other traditional Indian style or design arts, crafts and artworks in a traditional Indian style or medium.

**ANSWER:**  The answering Defendant denies the allegations contained in Paragraph 10, including subparagraphs (a) through (h).

11.  On March 31, 2007 and for substantial periods of time, possibly since January 4, 2005 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its website, www.bargainsupplywholesale.com, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium in response to customer requests for products including but not limited to "Native American".

**ANSWER:**  The answering Defendant denies the allegations contained in Paragraph 11.

12.  The products alleged herein are traditional Indian products embodying traditional Indian styles, motifs and designs, traditionally made by Native Americans, and were falsely suggested to be Indian-made Indian products and these products were advertised, marketed, and sold as such, including advertising and marketing these products with other Indian style products suggested to be Indian products, or Indian, or Native American made.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 12.

13. Any unqualified use of the name "Native American", "Indian" or an Indian tribe suggests that the product is Indian made and an Indian product under the IACA.

**ANSWER:** The answering Defendant makes no answer to Paragraph 13 as it contains legal conclusions to which no answer is required.

14. A non-Indian maker of products in an Indian style motif and design cannot utilize the terms "Indian," "Native American" or the name of a particular Indian tribe in advertising or marketing said products unless said maker qualifies the usage of such terms so that consumers are not suggested to be purchasing authentic Indian-made products. Native American Arts, Inc. v. The Waldron Corporation, 399 F.3d 871 (7th Cir. 2005).

**ANSWER:** The answering Defendant makes no answer to Paragraph 14 as it contains legal conclusions to which no answer is required.

15. The products advertised, marketed, offered, displayed for sale and sold by Defendant are in a traditional Indian style, composed of Indian motifs and designs and many contained a Certificate of Authenticity.

**ANSWER:** The answering Defendant admits that the subject products contained a Certificate of Authenticity from the Cathay Collection and object to the remaining allegations contained in Paragraph 15 as vague and ambiguous and move to strike those allegations.

16. The products displayed for sale by Defendant did use the unqualified terms "Native American" and "Indian".

**ANSWER:** The answering Defendant makes no answer to Paragraph 16 as it contains only legal conclusions to which no answer is required.

17. The Internet website displays promoting Defendant's products are advertisements and constitute advertising activity. Such advertising contains the use of the unqualified terms "Native American" and "Indian".

**ANSWER:** The answering Defendant makes no answer to Paragraph 17 as it contains only legal conclusions to which no answer is required.

18. At various times relevant hereto, Defendant has been advertising, marketing, offering, displaying for sale and selling products with different advertisements and different products through different advertisements, advertising activities and mediums, in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 18.

19. For substantial periods of time since January 4, 2005 and continuously thereafter to the present date, Defendant advertised, marketed, offered and displayed for sale and sold goods in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of art, crafts and artworks in a traditional Indian style or medium.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 19.

20. The Indian-style goods advertised, displayed, offered for sale and sold by Defendant since January 4, 2005, including those advertised, sold, displayed and offered for sale alleged herein, are not and were not Indian produced, an Indian product made by an Indian or the product of an Indian arts and crafts organization resident in the United States or an non-member Indian artisan certified by an Indian tribe, all as defined in 25 U.S.C. §305 et. seq. and the regulations thereunder.

**ANSWER:** The answering Defendant admits that the subject products were not Indian produced, Indian products made by an Indian or the product of an Indian arts and crafts organization in the United States or any non-member Indian artisan certified by an Indian tribe.

21. Defendant's advertisement, display, offering for sale and sale of Indian style goods in a manner that falsely suggests they are Indian products, Indian produced or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States is illegal and should be enjoined in that no adequate remedy at law exists and Plaintiff will be irrevocably injured and damages will be difficult to measure.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 21 and makes no answer to the legal conclusions contained therein.

22. Native American Arts has been injured and damaged as a result of Defendant's actions alleged herein. Native American Arts is a competitor of Defendant and has suffered competitive injuries as a result of Defendant's actions alleged herein, as well as other damages including (1) Native American Arts lost sales and sales opportunities as a direct and indirect result of the Defendant's offer, display and sale of similar Indian-style products to those offered, displayed and sold by Native American Arts through similar mediums and markets, (2) Defendant's imitation products drove down prices of authentic Indian products, forcing Plaintiff to offer its authentic products at lower prices, (3) that Plaintiff has suffered a loss of goodwill and reputation because of Defendant's counterfeit product and (4) that Defendant's had a gross profit on the products alleged herein. Native American Arts advertises, markets and sells authentic Indian-made products similar to those products advertised, offered, displayed and sold by Defendant falsely suggested to be Indian-made products, including but not limited to, arts, crafts, jewelry and artworks in a traditional Indian style or medium. Native American Arts displays, advertises, offers, markets and sells authentic Indian-made products through various mediums including, but not limited to, newspaper advertisements, radio, signs, catalogs, brochures, internet, mailed solicitations, miscellaneous and in-store retail displays.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 22.

23. The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's misappropriation of Native American Art, Inc.'s advertising ideas and style of doing business. Native American Arts' advertising idea and style of doing business is to emphasize and state that its products are authentic Indian products made by Native Americans. Native American Arts capitalizes upon the goodwill associated with Indian-made products as advertising and marketing idea concerned with persuading consumers to buy its Indian products. This is Native American Arts' advertising idea, advertising theme, advertising concept, title, style and slogan. Defendant inappropriately used the advertising concept of authentic Indian products in advertising their goods as its advertising idea, style of doing business, advertising theme, concept, title, style and slogan by falsely suggesting their products were Indian made Indian products.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 23.

24. The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringement of title by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 24.

25. The injuries suffered by Native American Arts under the IACA include but, are not limited to, injury to reputation and good will arising out of Defendant's use of another's advertising idea by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 25.

26. The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringing upon Native American Arts' slogan by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 26.

27. Liability for compensatory damages under the IACA is strict liability and not dependent upon intentional conduct as ruled in the case of Ho-Chunk et. al., v. Village Originals, Inc., 25 F. Supp.2d 876 (N.D.E. 1998) and Ho-Chunk v. Natures Gifts, Inc., 1999 U.S. Dist. Lexis 3687 (N.D. H. 1999).

7

**ANSWER:** The answering Defendant makes no answer to Paragraph 27 as it contains only legal conclusions to which no answer is required.

28. Title 25 U.S.C. §305e (a) provides for damages of the greater of treble damages or $1,000 for each day on which the offer or display for sale of a good falsely suggested to be Indian produced, an Indian product, or the product of an Indian, an Indian tribe, or an Indian arts and crafts organization continues.

**ANSWER:** The answering Defendant admits the existence of the statute cited in paragraph 28 and that the statute speaks for itself and denies the applicability of the statute to this case.

29. Native American Arts is an Indian arts and crafts organization entitled to the damages alleged herein.

**ANSWER:** The answering Defendant denies the allegations contained in Paragraph 29.

30. The exact amount of damages is presently unknown, but is believed to exceed five million dollars ($5,000,000.00).

**ANSWER:** The answering Defendant denies sufficient knowledge and information to either admit or deny the allegations contained within paragraph 30, and therefore neither admits nor denies same, but demands strict proof thereof. The answering Defendant denies that the plaintiff is entitled to damages in any amount or manner or other form of relief whatsoever.

31. Title 25 U.S.C. §305e (a) also provides for injunctive and other equitable relief.

**ANSWER:** The answering Defendant admits the existence of the statute cited in paragraph 31 and that the statute speaks for itself.

32. Substantial amounts for attorney's fees and costs of suit have been or are being incurred for which reimbursement and payment is hereby sought.

**ANSWER:** The answering Defendant denies sufficient knowledge and information to either admit or deny the allegations contained within paragraph 32, and therefore neither admits nor denies same, but demands strict proof thereof. The answering Defendant denies that the plaintiff is entitled to damages in any amount or manner or other form of relief whatsoever.

WHEREFORE, defendant, BARGAIN SUPPLY CO., INC. denies that plaintiff is entitled to judgment and prays that judgment be entered in its favor and against plaintiff, together with costs.

                                      Respectfully submitted,

                                      TRIBLER ORPETT & MEYER, P.C.

                                      s/ Paul C. Do
                                      One of the attorneys for defendant

Mitchell A. Orpett –ARDC 3121966
Paul C. Do – ARDC 6281511
TRIBLER ORPETT & MEYER
225 W. Washington Street, Suite 1300
Chicago, IL 60606
(312) 201-6400

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the defendant's Answer to Plaintiff's Complaint was served upon:

**Counsel for Native American Arts, Inc.:**
Scott M. Kolosso and Michael P. Mullen
203 N. Wabash Avenue, Suite 2300
Chicago, IL 60601
(312) 750-1600
(312) 750-1651 – fax
skolosso.mandf@hotmail.com and mullenmichael@msn.com

**Additional Counsel for Bargain Supply Co., Inc.:**
Jennifer Hatcher and Rebecca A. Martin
Ackerson & Yann, PLLC
401 W. Main Street
One Riverfront Plaza, Suite 1200
Louisville, KY 40202
(502) 583-7400

service was accomplished pursuant to ECF as to Filing Users and complies with Fed. R. Civ. P. 5(a), LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 27th day of February, 2008, with proper postage prepaid.

s/ Paul C. Do
an Attorney